JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :        **INDICTMENT**

      - v. -        :        08 Cr.

ANTHONY STEELE,
    a/k/a "Tone,"
    a/k/a "Fat Boy,"
ZACHARY BALLARD,
    a/k/a "Zachary Balard,"        :
    a/k/a "Little Zachary,"
    a/k/a "Boobie,"

               Defendants.

# 08 CRIM 062

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 3 2008

- - - - - - - - - - - - - - - - - - - x

COUNT ONE
(Conspiracy)

    The Grand Jury charges:

    1.    From in or about July 2007, to in or about October 2007, in the Southern District of New York and elsewhere, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 924(c) and 1951 of Title 18, United States Code.

    2.    It was a part and an object of the conspiracy that ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Bocbie," the defendants, and others known and unknown,

unlawfully, willfully, and knowingly, did conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and BALARD, the defendants, together with others known and unknown, conspired to commit armed robbery of various commercial businesses.

      3.    It was a further part and an object of the conspiracy that ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did conspire, confederate, and agree together and with each other, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during armed robberies of various commercial businesses, in violation of Title 18, United States Code, Section 924(c).

2

<u>OVERT ACTS</u>

4.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    On or about October 7, 2007, STEELE and BALARD robbed, at gunpoint, a Deluxe Storage store located at 945 Atlantic Avenue, Brooklyn, New York.

b.    On or about October 19, 2007, STEELE and BALARD robbed, at gunpoint, a Sears located at 2980 Third Avenue, Bronx, New York.

c.    On or about October 27, 2007, STEELE and BALARD robbed, at gunpoint, a Family Dollar Store located at 4226 Third Avenue, Bronx, New York.

(Title 18, United States Code, Section 1951.)

<u>COUNT TWO</u>
(Hobbs Act Robbery #1)

The Grand Jury further charges:

5.    On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section

3

1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and BALARD, the defendants, and others known and unknown, robbed at gun point a Sears located at 2980 Third Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

<u>COUNT THREE</u>
(Use of Firearm - Robbery #1)

The Grand Jury further charges:

6.     On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Two.

(Title 18, United States Code, Sections 924(c) and 2.)

4

<u>COUNT FOUR</u>
(Hobbs Act Robbery #2)

The Grand Jury further charges:

7.   On or about October 27, 2007, in the Southern

District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat

Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little

Zachary," a/k/a "Boobie," the defendants, and others known and

unknown, unlawfully, willfully, and knowingly did commit robbery,

as that term is defined in Title 18, United States Code, Section

1951(b)(1), and thereby did obstruct, delay, and affect commerce

and the movement of articles and commodities in commerce, as that

term is defined in Title 18, United States Code, Section

1951(b)(3), to wit, STEELE and BALARD, the defendants, and others

known and unknown, robbed at gun a Family Dollar Store located at

4226 Third Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

<u>COUNT FIVE</u>
(Use of Firearm - Robbery #2)

The Grand Jury further charges:

8.   On or about October 27, 2007, in the Southern

District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat

Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little

Zachary," a/k/a "Boobie," the defendants, and others known and

unknown, unlawfully, willfully and knowingly, during and in

relation to a crime of violence for which they may be prosecuted

5

in a court of the United States, namely, the robbery charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Four.

(Title 18, United States Code, Sections 924(c) and 2.)

## COUNT SIX
### (Hobbs Act Robbery #3)

The Grand Jury further charges:

9.    On or about October 25, 2007, in the Southern District of New York, ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, BALARD, the defendant, and others known and unknown, robbed at gun point a Kentucky Fried Chicken located at 5625 Broadway, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT SEVEN
(Use of Firearm - Robbery #3)

The Grand Jury further charges:

10. On or about October 25, 2007, in the Southern District of New York, ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendant, and others known and unknown, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Six of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Six.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT EIGHT
(Hobbs Act Robbery #4)

The Grand Jury further charges:

11. On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined

7

in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE, the defendant, and others known and unknown, robbed at gun a White Castle Store located at 33 West Fordham Road, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

<u>COUNT NINE</u>
(Use of Firearm - Robbery #4)

The Grand Jury further charges:

12.  On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, and others known and unknown, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Eight of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Eight.

(Title 18, United States Code, Sections 924(c) and 2.)

## COUNT TEN
(Hobbs Act Robbery #5)

The Grand Jury further charges:

13.  On or about October 14, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE, the defendant, and others known and unknown, robbed at gun point a Duane Reade located at 617 West 181st Street, New York, New York.

(Title 18, United States Code, Sections 1951 and 2.)

9

<u>COUNT ELEVEN</u>
(Use of a Firearm - Robbery #5)

The Grand Jury further charges:

14.  On or about October 14, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Ten of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Ten.

(Title 18, United States Code, Sections 924(c) and 2.)


_____        _____
FOREPERSON                     MICHAEL J. GARCIA
                               United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

– v. –

**ANTHONY STEELE,**
a/k/a "Tone,"
a/k/a "Fat Boy,"

**ZACHARY BALLARD,**
a/k/a "Zachary Balard,"
a/k/a "Little Zachary,"
a/k/a "Boobie,",

Defendants.

### INDICTMENT

08 Cr.

(18 U.S.C. §§ 2, 924(c), 1951.)

_____
MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson