UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                 :

          -v.-                           :   S2 08 Cr. 62 (JSR)

ZACHARY BALLARD,                         :
     a/k/a "Zachary Balard,"
     a/k/a "Little Zachary,"             :
     a/k/a "Boobie,"
                                         :
                    Defendant.
                                         :
- - - - - - - - - - - - - - - - - -X


                GOVERNMENT'S PROPOSED REQUESTS TO CHARGE




                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York,
                         Attorney for the United States
                              of America



BENJAMIN A. NAFTALIS
REBECCA MONCK RICIGLIANO
Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

        -v.-                        :    S2 08 Cr. 62 (JSR)

ZACHARY BALLARD,                    :
     a/k/a "Zachary Balard,"
     a/k/a "Little Zachary,"        :
     a/k/a "Boobie,"
                                    :
                Defendant.
                                    :
- - - - - - - - - - - - - - - - - -X


                <u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

        Pursuant to Rule 30 of the Federal Rules of Criminal

Procedure, the Government respectfully requests that the Court

include the following in its instructions to the Jury.

TABLE OF CONTENTS

PAGE

1.  General Requests. . . . . . . . . . . . . . . . . . . . . . 1

2.  The Indictment. . . . . . . . . . . . . . . . . . . . . . . 2

3.  Summary of the Indictment . . . . . . . . . . . . . . . . 3

4.  Multiple Counts . . . . . . . . . . . . . . . . . . . . . 4

5.  Count One: Conspiracy to Commit Robbery: General Instructions
    (18 U.S.C. § 1951) . . . . . . . . . . . . . . . . . . . . 5

6.  Count One: Conspiracy to Commit
    Robbery - Elements of the Offense . . . . . . . . . . . 7

7.  Count One: First Element: Existence of the Conspiracy. . . 8

8.  Count One: Second Element: Membership in the Conspiracy. 16

9.  Counts Two, Four, and Six:
    Hobbs Act Robbery . . . . . . . . . . . . . . . . . . . .20

10. Counts Two, Four, and Six Robbery
    The Elements. . . . . . . . . . . . . . . . . . . . . . 21

11. Counts Two, Four, and Six: Robbery
    First Element -- Personal Property . . . . . . . . . . . 22

12. Counts Two, Four, and Six: Robbery
    Second Element -- Taking By Actual Or Threatened
    Force, Violence, Or Fear . . . . . . . . . . . . . . . 23

13. Counts Two, Four, and Six: Robbery
    Third Element -- Affect On Commerce . . . . . . . . . . .25

14. Counts Two, Four, and Six: Robbery
    Fourth Element -- Unlawfully, Willfully, And Knowingly . . .29

15. Counts Three, Five, and Seven: Using, Carrying, Possessing
    Firearm . . . . . . . . . . . . . . . . . . . . . . . . 31

16. Counts Three, Five, and Seven: Using, Carrying, Possessing
    Firearm
    Elements Of The Offense . . . . . . . . . . . . . . . . .33

17.  Counts Three, Five, and Seven: Using, Carrying, Possessing
     Firearm
     First Element -- Using, Carrying, Possessing . . . . . . . 34

18.  Counts Three, Five, and Seven: Using, Carrying, Possessing
     Firearm
     Second Element -- Knowledge . . . . . . . . . . . . . . 36

19.  Counts Three, Five, and Seven: Using, Carrying, Possessing
     Firearm
     Third Element -- During And In Relation To
     A Certain Crime. . . . . . . . . . . . . . . . . . . . . 37

20.  Counts Three, Five, and Seven: Using, Carrying, Possessing
     Firearm
     Special Interrogatory on Brandishing . . . . . . . . . . 38

21.  Venue . . . . . . . . . . . . . . . . . . . . . . . . . 39

22.  Expert Testimony . . . . . . . . . . . . . . . . . . . . 41

23.  Investigative Techniques . . . . . . . . . . . . . . . . 43

24.  Defendant's Testimony . . . . . . . . . . . . . . . . . 44

25.  Defendant's Right Not to Testify . . . . . . . . . . . . 45

26.  Character Witnesses . . . . . . . . . . . . . . . . . . 46

27.  Stipulations of Fact . . . . . . . . . . . . . . . . . . 48

28.  Stipulations of Testimony . . . . . . . . . . . . . . . 49

29.  Uncalled Witnesses . . . . . . . . . . . . . . . . . . . 50

30.  Variance in Dates . . . . . . . . . . . . . . . . . . . 51

31.  Preparation of Witnesses . . . . . . . . . . . . . . . . 52

32.  Law Enforcement Witnesses . . . . . . . . . . . . . . . 53

33.  Use of Evidence Obtained at Time of Arrest . . . . . . . 54

34.  Consciousness of Guilt From Flight . . . . . . . . . . . 55

35.  Consciousness of Guilt – False Exculpatory Statement . . . 57

36.  Persons not on Trial or Indicted. . . . . . . . . . . 58

37.  Similar Acts . . . . . . . . . . . . . . . . . . . .59

38.  Conclusion . . . . . . . . . . . . . . . . . . . . . 61

**Request No. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Government Treated Like Any Other Party

g.  Definitions and Examples of Direct and Circumstantial Evidence

h.  Credibility of Witnesses

i.  Interest in Outcome

j.  Inferences

k.  Charts and Summaries

l.  Right to See Exhibits and Have Testimony Read During Deliberations

m.  Sympathy:  Oath as Jurors

n.  Punishment Is Not to Be Considered by the Jury

o.  Consider Each Count Separately

p.  Verdict of Guilt or Innocence Must be Unanimous

**Request No. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains seven counts against ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendant. Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of the offenses.

**Request No. 3**

**Summary of the Indictment**

Count One charges the defendant with conspiring to commit robberies of commercial establishments that affected interstate commerce.

Counts Two, Four, and Six of the Indictment charge the defendant with obstructing interstate commerce by committing particular robberies at a commercial establishments in New York City.

Counts Three, Five, and Seven charge the defendant with using, carrying, displaying and brandishing a firearm, during and in relation to the robberies charged in Counts Two, Four, and Six.

**Request No. 4**

**Multiple Counts**

As I just indicated, the Indictment contains a total of seven counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-8 (1999); <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

4

**Request No. 5**

**Count One: Conspiracy to Commit Robbery:**
**General Instructions (18 U.S.C. § 1951)**

Count One of the Indictment charges ZACHARY BALLARD, a/k/a
"Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the
defendant, with participating in a conspiracy to obstruct
interstate commerce through the use of robbery.  Count One
charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read*
> *Count One of the Indictment,]*

Count One also lists the particular statute alleged to have
been violated.

As I said before, the defendant is charged with having been
a member of a conspiracy to violate certain federal laws relating
to robbery.  A conspiracy is a kind of criminal partnership -- an
agreement of two or more persons to join together to accomplish
some unlawful purpose.  The crime of conspiracy -- or agreement -
- to violate a federal law, as charged in this Indictment, is an
independent offense.  It is separate and distinct from the actual
violation of any specific federal laws, which the law refers to
as "substantive crimes."

Indeed, conspiracy to violate the federal robbery laws even
if you find that the substantive crime that was the object of the
conspiracy was never actually committed.  Congress has deemed it

5

appropriate to make conspiracy, standing alone, a separate crime,

even if the conspiracy is not successful.

>Adapted from the charge of the Honorable
>Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91
>Cr. 914 (LBS) (S.D.N.Y. 1992).

>See <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21
>(2d Cir. 1990) ("Since the essence of
>conspiracy is the agreement and not the
>commission of the substantive offense that is
>its objective, the offense of conspiracy may
>be established even if the collaborators do
>not reach their goal.")

**Request No. 6**

**Count One:  Conspiracy to Commit Robbery
Elements of the Offense**

To sustain its burden of proof with respect to the robbery conspiracy charge charged in Count One, the Government must prove beyond a reasonable doubt each of the following elements as to the defendant:

First, the Government must prove that the conspiracy charged in Count One existed.  That is, that there was an agreement or understanding among at least two people to violate the law of that United States that makes it a crime to commit a robbery that affects interstate or foreign commerce.

Second, the Government must prove that the defendant knowingly became a member of the conspiracy to commit robbery.

Each of these elements must be satisfied beyond a reasonable doubt as to the defendant.

> Adapted from charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); and from charge of the Honorable Leonard Sand in United States v. Clemente, et al., S 79 Cr. 142 (LBS) (Apr. 28, 1980), aff'd, 640 F.2d 1069 (2d Cir. 1981), pp. 12607-08.
>
> Under the Hobbs Act, it is not necessary for the Government to allege or prove an overt act.  Cf. United States v. Shabani, 513 U.S. 10 (1994) (holding that where a particular statute, unlike 18 U.S.C. § 371, contains no explicit overt act requirement, Government need not prove overt act in furtherance of conspiracy).

**Request No. 7**

**Count One:  Conspiracy to Commit Robbery**
**First Element: Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons (not including a government informant or agent), to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy alleged in Count One is the robbery of commercial establishments located in New York City.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people (not including a government informant or agent) to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged in Count One, therefore, is the <u>agreement</u> to commit robberies of commercial establishments.  It is an entirely distinct and separate offense from the <u>actual</u> robbery.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed

8

a conspiracy to violate the law and spelling out all the details.
Common sense tells you that when people agree to enter into a
criminal conspiracy, much is left to the unexpressed
understanding.  It is rare that a conspiracy can be proven by
direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence
must show that two or more persons (not including a government
informant or agent), in some way or manner, either explicitly or
implicitly, came to an understanding to violate the law and to
accomplish an unlawful plan.

If you find beyond a reasonable doubt that two or more
persons came to an understanding, express or implied, to violate
the law and to accomplish an unlawful plan, then the Government
will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement
as alleged in Count One, you may consider the actions of all the
alleged co-conspirators that were taken to carry out the apparent
criminal purpose.  The old adage, "actions speak louder than
words," applies here.  Often, the only evidence that is available
with respect to the existence of a conspiracy is that of
disconnected acts on the part of the alleged individual co-
conspirators.  When taken all together and considered as a whole,
however, that conduct may warrant the inference that a conspiracy
existed just as conclusively as more direct proof, such as

9

evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in Count One.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of a conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in Count One.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).  See also Sand et al., Modern Federal Jury Instructions, Instr. 19-2, 19-3, and 19-4.

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent,

so long as they are not at cross-purposes.")
(citations omitted); <u>United</u> <u>States</u> v.
<u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991)
("To prove the existence of an agreement, the
government need not present evidence of a
formal arrangement between the co-
conspirators. Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal") (citations omitted).
<u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Rubin</u>, 844 F.2d
979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

## Object of the Conspiracy - Robbery Defined

You also must find that the alleged conspiracy had an

illegal objective. Here, Count One charges the defendant with

agreeing with others from in or about October 2007 to in or about

November 2007 with conspiring to rob various commercial

businesses. What do I mean by conspiracy to commit robbery?

A robbery is the unlawful taking of personal property from

another against his or her will. This is done by threatening or

actually using force, violence, or fear of injury, immediately or

in the future, to person or property.

Thus, in order to find that the defendant conspired to

commit robbery, you must find that the Government proved beyond a

reasonable doubt that the defendant participated in a conspiracy

to: (i) obtain or take the personal property of another, or from

the presence of another, or attempted to do so; (ii) against the

intended victim's will by actual or threatened force, violence or

fear of injury, whether immediate or in the future; and (iii)

11

that the defendant's actions would have in any way or degree, obstructed, delayed or affected interstate commerce, as I will explain to you in a moment.

> Adapted from L. Sand, et al., Modern Federal
> Jury Instructions, Instructions 50-2, 50-3
> (2003); United States v. Buffey, 899 F. 2d
> 1402 (4th Cir. 1990).

## Property Defined

With respect to the first element, one must conspire to take property, and the term "property" as used in these instructions means anything of value, including cash, jewelry, and other items of value.  I instruct you that the objects the defendants are charged with conspiring to rob – the proceeds of commercial businesses – constitute property.

> Adapted from L. Sand, et al., Modern Federal
> Jury Instructions, Instruction 50-11 (2003).

## Actual or Threatened Force Defined

The Government must also show that the defendant conspired to take the property against the will of the intended victim by actual or threatened force, violence or fear of injury, whether immediate or in the future.  Those are, of course, not legitimate means for obtaining property.  In considering whether force, violence or fear was an objective of the conspiracy, you should give those words their common and ordinary meaning, and understand them as you normally would.  Fear would exist if at least one person were to experience anxiety, concern, or worry

12

over expected personal harm or business loss.

It is not necessary that the Government prove that force, violence, and fear were <u>all</u> used or threatened, or intended to be used or threatened.  The Government satisfies its burden if it proves beyond a reasonable doubt that the defendants conspired to employ any one of these three methods.

> Adapted from L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instruction 50-12, 50-13 (2003); <u>see</u> <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069, 1079 (2d Cir. 1981).

## Interstate or Foreign Commerce Defined

The third element the Government must prove is, if the robbery had been completed, interstate or foreign commerce would have been, or potentially would have been, affected in some way, even if the effect is slight.  In this connection, I instruct you that the statutory language specifically forbids robbery that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce."  Such robbery need only affect interstate or foreign commerce in some way or degree, even if the effect is minimal.

The statute is not limited to conduct that directly and immediately obstructs the movement of goods, nor is it necessary that commerce actually be affected by a conspirator's conduct. It is sufficient if the robbery or attempted robbery <u>possibly</u> or <u>potentially</u> affected interstate or foreign commerce.

It is not necessary for you to find that the defendant

13

intended or anticipated that the effect of his own acts, or the acts of his co-conspirators, would be to affect interstate or foreign commerce or that the conspirators had or shared a purpose to affect commerce.  All that is necessary is that the natural effect of the acts they conspired to commit would either <u>actually</u> or <u>potentially</u> affect interstate or foreign commerce.

Nor do you have to decide whether the effect on interstate or foreign commerce was or would have been harmful or beneficial to a particular business, or to commerce in general.  The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

If you find beyond a reasonable doubt that the target of the robbery purchased or sold goods that flowed in interstate commerce, and that the money and items the defendant took belonged to the target, then this element will have been met.  By way of example, interstate commerce is affected if the target of the robbery purchases items in interstate commerce and has its assets depleted, however minimally.

> Adapted from Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instr., 50-7 (2003). <u>See</u> <u>United States</u> v. <u>Daley</u>, 564 F.2d 645, 649 (2d Cir. 1977).  <u>See</u> <u>also</u> 21 U.S.C. § 801.
>
> Adapted from the charge of Judge John E. Sprizzo in <u>United</u> <u>States</u> v. <u>Farrish</u>, 95 Cr. 750 (JES) (Mar. 7, 1996), <u>aff'd</u>, 122 F.3d 146 (2d Cir. 1997), and from Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 50-8.  <u>See</u>

14

Stirone v. United States, 361 U.S. 212 (1960) (in enacting Hobbs Act, Congress intended to "use all the constitutional power [it] has to punish interference with interstate commerce"); United States v. Farrish, 122 F.3d 146 (2d Cir. 1997) (effect or potential effect on interstate commerce need only be slight or minimal). See also Jund v. Town of Hempstead, 941 F.2d 1271, 1285 (2d Cir. 1991); United States v. Scacchetti, 668 F.2d 643, 647 (2d Cir.), cert. denied, 457 U.S. 1132 (1982); United States v. Calder, 641 F.2d 76, 78 (2d Cir. 1981); United States v. Augello, 451 F.2d 1167, 1170 (2d Cir. 1971); United States v. Tropiano, 418 F.2d 1069, 1076 (2d Cir. 1969).

**Request No. 8**

**Count One: Second Element: Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must then proceed to answer the next question – whether the defendant joined the conspiracy knowing its unlawful purpose and to further its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant unlawfully, willfully, and knowingly entered into the conspiracy, that is, the agreement, with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

**Unlawfully, Willfully and Knowingly Defined**

As to this element, the terms "unlawfully," "willfully, and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

16

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  You do, however, have before you evidence of certain acts and statements alleged to have taken place by or with the defendant or in his presence. The Government contends that these acts and statements show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

The defendant denies he was a member of this conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of defendant existed.  It is important for you to know that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from that evidence.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of

17

knowledge on his part.  To have guilty knowledge, the defendant
need not have known the full extent of the conspiracy or all of
its activities or all of its participants.  It is not even
necessary that the defendant know every other member of the
conspiracy.  In fact, the defendant may know only one other
member of the conspiracy and still be a co-conspirator.  Nor is
it necessary that the defendant receive any monetary benefit from
participating in the conspiracy or have a financial stake in the
outcome, so long as he in fact participated in the conspiracy in
the manner I have explained.

    The duration and extent of a defendant's participation has
no bearing on the issue of a defendant's guilt.  The defendant
need not have joined the conspiracy at the outset.  The defendant
may have joined it for any purpose at any time in its progress,
and the defendant will still be held responsible for all that was
done before he joined and all that was done during the
conspiracy's existence while the defendant was a member.  Each
member of a conspiracy may perform separate and distinct acts and
may perform them at different times.  Some conspirators play
major roles; others play minor roles.  An equal role is not what
the law requires.  Even a single act may be sufficient to draw
the defendant within the ambit of the conspiracy.

    I want to caution you, however, that the mere association by
one person with another does not make that person a member of the

conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, to satisfy this element, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, he becomes a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from charges of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004), and the Honorable John F. Keenan, United States v. Paa Smith, 02 Cr. 104 (JFK) S.D.N.Y. July 31, 2002).

19

**Request No. 9**

**Counts Two, Four, and Six: The Statute and Indictment**

Counts Two, Four, and Six of the Indictment charge the defendant with committing robbery in violation of the Hobbs Act. The Hobbs Act is the federal robbery statute.  It provides, in relevant part, as follows:

> Whoever in any way or degree obstructs,
> delays, or affects commerce or the movement
> of an article or commodity in commerce, by
> robbery [commits a crime].

It is not necessary for you to remember the name of the Act or its applicable parts.  It is sufficient if you remember the conduct that the Act forbids and the essential elements of the offense charged.  Among other things, the Act prohibits the obstruction of commerce by robbery.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 50-1 and the charge of
> Judge Leonard B. Sand in <u>United States</u> v.
> <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

20

**Request No. 10**

**Counts Two, Four, and Six: Robbery**
**Elements of the Offense**

To prove the crime of robbery, the Government must prove the following:

First: that the defendant obtained or took the personal property of another, or from the presence of another;

Second: that the defendant took the property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future;

Third: that the defendant's actions would in any way or degree delay, obstruct or affect interstate or foreign commerce, or an item moving in interstate or foreign commerce.

Fourth: that the defendant acted unlawfully, willfully and knowingly.


Adapted from the charge of Judge Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998) and Sand, Modern Federal Jury Instructions, Instr. 50-3. See McLaughlin v. Anderson, 962 F.2d 187 (2d Cir. 1992).

**Request No. 11**

**Counts Two, Four, and Six: Robbery**
**First Element -- Personal Property**

The first element of the crime of robbery is that the defendant knowingly obtained or took the personal property of another, or took property from the presence of another.  The term "property" as used in these instructions means anything of value, and it includes money and other tangible and intangible things of value.

Adapted from the charge of Judge Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998) Sand, Modern Federal Jury Instructions, Instr. 50-4.

22

**Request No. 12**

**Counts Two, Four, and Six: Robbery**
**Second Element -- Taking By Actual**
**Or Threatened Force, Violence, Or Fear**

The second element of the crime of robbery is that the defendant took the personal property against the victim's will, by actual or threatened force, violence or fear of injury, whether immediate or in the future.

It is not necessary that force, violence and fear were <u>all</u> used or threatened.  It is sufficient if <u>any</u> of these methods was employed.

In considering this element, you should give the words "force, violence and fear" their common and ordinary meaning, and understand them as you normally would.  Moreover, keep in mind that violence does not have to be directed at the person whose property was the subject of the attempted robbery.  Threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury.  A threat may be made verbally or by a physical gesture.  Whether a statement or physical gesture actually was a threat or attempted threat depends upon the surrounding facts.

Fear exists if at least one victim would have experienced anxiety, concern or worry over expected personal harm or business loss.  When considering the issue of fear, look to the facts existing at the time of the crime.

23

Your decision on this issue concerns the victim's state of mind.  It is obviously impossible to ascertain or prove directly a person's subjective feelings.  You cannot look into a person's mind to see what his or her state of mind is or was.  But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

Looking at the situation and the actions of people involved may help you determine what their state of mind would have been.  You can consider circumstantial evidence in deciding whether property would have been obtained through the use or threat of fear.  I will instruct you more on circumstantial evidence later.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50-5, 50-6 and charge of Judge Loretta A. Preska in <u>United States</u> v. <u>Ronald Davidson</u>, 97 Cr. 490 (LAP) (S.D.N.Y. 1998).  <u>See</u> <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069, 1079 (2d Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 820 (1981).

It is not necessary that the fear be a consequence of a direct threat.  It is sufficient that the surrounding circumstances render the victim's fear reasonable.  You must find that a reasonable person would have been fearful under the circumstances.

> <u>See</u> <u>United States</u> v. <u>Tolub</u>, 309 F.2d 286 (2d Cir. 1962).

24

**Request No. 13**

**Counts Two, Four, and Six: Robbery
Third Element -- Affect on Commerce**

The third element that the Government must prove is that, if any robbery was completed, interstate or foreign commerce would have been, or potentially would have been, affected in some way, even if the effect is slight.  In this connection, I instruct you that the statutory language specifically forbids robbery that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce."  Such a robbery need only affect interstate or foreign commerce in some way or degree, even if the effect is minimal.

> Adapted from the charge of Judge John E. Sprizzo in United States v. Farrish, 95 Cr. 750 (JES) (Mar. 7, 1996), aff'd, 122 F.3d 146 (2d Cir. 1997), the charge of Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998) and from Sand, Modern Federal Jury Instructions, Instr. 50-8.  See Farrish, 122 F.3d 146 (2d Cir. 1997) (effect or potential effect on interstate commerce need only be slight or minimal);  United States v. Fabian, 312 F.3d at 554 (explaining that "all that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect") (quoting United States v. Arena, 180 F.3d 380, 390 (2d Cir. 1999)); Stirone v. United States, 361 U.S. 212 (1960) (in enacting Hobbs Act, Congress intended to "use all the constitutional power [it] has to punish interference with interstate commerce"); see also Jund v. Town of Hempstead, 941 F.2d 1271, 1285 (2d Cir. 1991); United States v. Scacchetti, 668 F.2d 643, 647 (2d Cir.), cert. denied, 457 U.S. 1132 (1982); United States v. Calder, 641

25

> F.2d 76, 78 (2d Cir.), <u>cert. denied</u>, 451 U.S.
> 912 (1981); <u>United States</u> v. <u>Augello</u>, 451
> F.2d 1167, 1170 (2d Cir. 1971), <u>cert. denied</u>,
> 405 U.S. 1070 (1972); <u>United States</u> v.
> <u>Tropiano</u>, 418 F.2d 1069, 1076 (2d Cir. 1969),
> <u>cert. denied</u>, 397 U.S. 1021 (1970).

The statute is not limited to conduct that directly and
immediately obstructs the movement of goods, nor is it necessary
that commerce actually be affected by a defendant's conduct.  It
is sufficient if the robbery <u>possibly</u> or <u>potentially</u> affected
interstate or foreign commerce in some minimal way.

> Adapted from the charge of Judge John E.
> Sprizzo in <u>United States</u> v. <u>Farrish</u>, 95 Cr.
> 750 (JES) (Mar. 7, 1996), <u>aff'd</u>, 122 F.3d 146
> (2d Cir. 1997) and the charge of Judge
> Loretta A. Preska in <u>United States</u> v. <u>Ronald</u>
> <u>Davidson</u>, 97 Cr. 490 (LAP) (S.D.N.Y. 1998).
> <u>See United States</u> v. <u>Daley</u>, 564 F.2d 645, 649
> (2d Cir. 1977); <u>United States</u> v. <u>Augello</u>, 451
> F.2d 1167, 1170 (2d Cir. 1971), <u>cert. denied</u>,
> 405 U.S. 1070 (1972).

It is not necessary for you to find that the defendant
intended or anticipated that the effect of his own acts would be
to affect interstate or foreign commerce or that the defendant
had or shared a purpose to affect commerce.  All that is
necessary is that the natural effect of the acts he committed
would either <u>actually</u> or <u>potentially</u> affect interstate or foreign
commerce.

> Adapted from Sand, <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 50-11 and the charge of
> Judge Loretta A. Preska in <u>United States</u> v.
> <u>Ronald Davidson</u>, 97 Cr. 490 (LAP) (S.D.N.Y.
> 1998). <u>See United States</u> v. <u>Silverio</u>, 335 F.
> 3d 183, 187 (2d Cir. 2003) ("We know of no

26

court that has an intent requirement [for the
interstate commerce element] for Hobbs Act
prosecutions . . ., and refuse to create one
in this circuit"); United States v. Daley,
564 F.2d 645, 649 (2d Cir. 1977).

Nor do you have to decide whether the effect on interstate
or foreign commerce was or would have been harmful or beneficial
to a particular business, or to commerce in general.  The
Government satisfies its burden of proving an effect on commerce
if it proves any effect, whether harmful or not.  In sum, you
need not find a substantial effect on interstate or foreign
commerce.

Adapted from the charge of Judge Loretta A.
Preska in United States v. Ronald Davidson,
97 Cr. 490 (LAP) (S.D.N.Y. 1998) and Sand,
Modern Federal Jury Instructions, Instr. 50-
10.  See United States v. Farrish, 122 F.3d
146, 149 (2d Cir. 1997), cert. denied, 522
U.S. 1118 (1998); United States v. Taylor, 92
F.3d 1313, 1333 (2d Cir. 1996), cert. denied,
519 U.S. 1093 (1997); United States v.
Calder, 641 F.2d 76, 78 (2d Cir.), cert.
denied, 451 U.S. 912 (1981); United States v.
Augello, 451 F.2d 1167, 1170 (2d Cir. 1971),
cert. denied, 405 U.S. 1070 (1972).

If you find beyond a reasonable doubt that the target of the
robbery purchased or sold goods that flowed in interstate
commerce, and that the money and items the defendant took
belonged to the target, then this element will have been met.  By
way of example, interstate commerce is affected if the target of
the robbery purchases items in interstate commerce and has its
assets depleted, however minimally.

27

Adapted from the charge of Judge Loretta A.
Preska in <u>United States</u> v. <u>Ronald Davidson</u>,
97 Cr. 490 (LAP) (S.D.N.Y. 1998).  <u>See</u> <u>United
States</u> v. <u>Calder</u>, 641 F.2d 76, 78 (2d Cir.
1981); <u>United States</u> v. <u>Augello</u>, 451 F.2d
1167, 1170 (2d Cir. 1971).

## Request No. 14

### Counts Two, Four, and Six: Robbery
### Fourth Element — Unlawfully, Willfully, and Knowingly

The fourth element the Government must establish beyond a reasonable doubt is that the defendant acted unlawfully, willfully and knowingly.

As to this element, the terms "unlawfully," "willfully, and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in committing the robbery (if you find that the defendant did commit the robbery), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  You do, however, have before you evidence of certain acts alleged to have taken

29

place by the defendant.  The Government contends that these acts

show beyond a reasonable doubt knowledge on the part of the

defendant of the unlawful purposes of the robbery.

        Adapted from Sand, <u>Modern Federal Jury
        Instructions</u>, Instr. 35-80.

**Request No. 15**

**Counts Three, Five, and Seven:
Using, Carrying, Possessing a Firearm**

I will now turn to Counts Three, Five, and Seven of the Indictment.

Counts Three, Five, and Seven specifically charges that, in connection with the robberies charged in Counts Two, Four, and Six, the defendant used, carried, displayed or brandished a firearm during and in relation to a crime of violence, specifically, the robberies charged in Counts Two, Four, and Six of the Indictment, or possessed a firearm in furtherance of that crime. Counts Three, Five, and Seven reads as follows:

*[The Court is respectfully requested to read Counts*

*Three, Five, and Seven].*

Counts Three, Five, and Seven charge a violation of Section 924(c) of Title 18 of the United States Code, which provides as follows:

> Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . [shall be guilty of a crime].

Count Three is to be considered only if you first find the defendant guilty of Count Two. Count Five is to be considered only if you first find the defendant guilty of Count Four. Count Seven is to be considered only if you first find the defendant guilty of

31

Count Six.

      Adapted from the charge of Judge Peter K.
Leisure in <u>United States</u> v. <u>Bradley</u>, S 87 Cr.
1005 (PKL) (S.D.N.Y. 1988), <u>aff'd sub nom</u>.
<u>United States</u> v. <u>Meggett</u>, 875 F.2d 24 (2d
Cir.) (specifically approving charge), <u>cert.
denied</u>, 493 U.S. 858 (1989), and from Sand,
<u>Modern Federal Jury Instructions</u>, Instr. 35-
76.

**Request No. 16**

**Counts Three, Five, and Seven:  Using Or Carrying A Firearm
During A Crime Of Violence -- The Elements**

The elements of Counts Three, Five, and Seven are as follows:

First, that, on or about October 19, 2007, October 25, 2007, and October 27, 2007, the defendant used or carried or possessed a firearm (or any combination of these acts);

Second, that the defendant used or carried the firearm during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, or that the defendant possessed a firearm in furtherance of that same crime.

Third, that the defendant acted knowingly, unlawfully, and willfully.

> Adapted from charges of Judge Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004), Judge Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-78.

33

**Request No. 17**

**Counts Three, Five, and Seven:**
**First Element -- Using, Carrying, Possessing**

The first element that the Government must prove beyond a reasonable doubt with respect to Counts Three, Five, and Seven is that the defendant used or carried or possessed a firearm.

Under the statute on which this charge is based, a firearm means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  In considering this element, it does not matter whether the firearm was loaded or operable at the time of the crimes charged in Counts Two, Four, and Six.

In order to prove that the defendant used the firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence.  This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.  However, the mere possession of a firearm at or near the site of a crime without active employment as I've just described is not sufficient to constitute use of the firearm.

34

In order to prove that the defendant carried the firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crimes charged in Counts Two, Four, and Six.  The defendant did not necessarily have to hold the firearm physically, that is, to have actual possession of it on his person.  If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and the intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the crime of violence, you may find that the government has proved that he carried the weapon.

> Adapted from the charges of Judge Loretta A.
> Preska in United States v. Ronald Davidson,
> 97 Cr. 490 (LAP) (S.D.N.Y. 1998), Judge Peter
> K. Leisure in United States v. Bradley, S 87
> Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub
> nom. United States v. Meggett, 875 F.2d 24
> (2d Cir.) (specifically approving charge),
> cert. denied, 493 U.S. 858 (1989), from the
> charge of Judge John M. Walker in United
> States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y.
> 1988), aff'd, 901 F.2d 205, 241 (2d Cir.)
> (same), cert. denied, 498 U.S. 906 (1990),
> from the charge of Judge Kenneth Conboy in
> United States v. Ruggiero, 92 Cr. 811 (KC)
> (S.D.N.Y. 1993), and from Sand, Modern
> Federal Jury Instructions, Instr. 35-80.  See
> United States v. Bailey, 516 U.S. 137 (1995).

**REQUEST NO. 18**

**Counts Three, Five, and Seven:**
**Second Element -- Knowledge**

The second element the Government must prove beyond a reasonable doubt is that the defendant acted "unlawfully, willfully, and knowingly."  I have already defined all of these terms for you in connection with earlier charges and you should apply those instructions here.

**Request No. 19**

**Counts Three, Five, and Seven:  Third Element --
During And In Relation To A Certain Crime**

The third element that the Government must prove beyond a reasonable doubt with respect to Counts Three, Five, and Seven is that the defendant used or carried a firearm during and in relation to the commission of a crime of violence for which he might be prosecuted in a court of the United States, or possessed a firearm in furtherance of such a crime.

Thus, in order to convict the defendant of Count Three, you must find that he committed the crime charged in Count Two.  In order to convict the defendant of Count Five, you must find that he committed the crime charged in Count Four.  Finally, in order to convict the defendant of Count Seven, you must find that he committed the crime charged in Count Six.  I have already described this crime for you.  Let me instruct you that the crime charged in Counts Two, Four, and Six -- robbery -- is a crime of violence for which a person may be prosecuted in a court of the United States.

> Adapted from the charges of Judge Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998), Judge Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-79.

37

**Request No. 20**

**Counts Three, Five, and Seven:**
**Special Interrogatory On Brandishing**

You heard me mention that Counts Three, Five, and Seven also charges the defendant with brandishing a firearm.  To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the presence of the firearm known to another person in order to intimidate that person.  Whether the firearm was brandished is <u>not</u> an element of the crime charged.  Rather, if you find that the Government has proven the elements I described earlier, then you must find the defendant you are considering guilty.  Then, and only then, should you reach the issue of whether the firearm was brandished.  You will notice that there is a special question on your verdict form asking whether you also find, beyond a reasonable doubt, that the firearm was brandished.

See <u>Harris</u> v. <u>United States</u>, 122 S. Ct. 2406 (2002).

38

**Request No. 21**

**Venue**

In addition to all of the elements I have described for you, you must also decide whether any act in furtherance of each of those crimes occurred within the Southern District of New York, which includes all of the Bronx and Manhattan. This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York. In this connection, I instruct you that all of the Bronx and Manhattan are in the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable
> Charles S. Haight, Jr. in United States v.
> Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire
> fraud), and from Sand, et al., Modern Federal
> Jury Instructions, Instr. 3-11; see 18 U.S.C.
> § 3237 (general venue provision for offenses

committed in more than one district).  <u>See</u> <u>also</u> <u>United States</u> v. <u>Naranjo</u>, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

**Request No. 22**

**Expert Testimony**

**[If Applicable]**

You have heard testimony from what we call expert witnesses. They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is

41

based on sufficient data, education and experience, and the other

evidence does not give you reason to doubt [his/her] conclusions,

you would be justified in placing great reliance on [his/her]

testimony.

> Adapted from the charge of Judge Pierre
> N. Leval in United States v. Mucciante,
> 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from
> the charge of Judge Michael B. Mukasey in
> United States v. Mensah, 91 Cr. 705 (MBM)
> (S.D.N.Y. 1991).

## REQUEST NO. 23

## Particular Investigative Techniques Not Required

## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used by the Government and certain other investigative techniques were not used. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charges of Hon. Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998); Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

43

**Request No. 24**

**Defendant's Testimony**

**[Requested Only If Defendant Testifies]**

The defendant testified at trial. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Prince Gaines, 457 F.3d 238 (2d Cir. 2006); and from the charge of the Honorable Denise L. Cote, United States v. Borbon, et al., 05 Cr. 909, September 25, 2006.

44

**Request No. 25**

**Defendant's Right Not To Testify**

**[If Requested By Defense]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>,
Instr. 5-21.

45

**Request No. 26**

**Character Witnesses**

**[Requested only if the defendant calls character witnesses]**

During the course of this trial, there has been testimony that the defendant, [describe testimony: e.g., has a reputation for honesty and integrity in his community.] [There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant. [Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt or innocence of a defendant is for you alone to

46

determine, and that should be based on all the evidence you have

heard in the case.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u>
> <u>Instructions</u>, Instruction 5-15; and from the
> charge in <u>United</u> <u>States</u> v. <u>Pujana-Mena</u>, 949
> F.2d 24, 27-31 (2d Cir. 1991) (defendant is
> not entitled to a charge that character
> evidence "standing alone" is enough for
> acquittal).

**Request No. 27**

**Stipulations Of Fact**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations that contained facts that were agreed by the parties to be true.  You must accept the facts contained in those stipulations to be true.

Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), <u>aff'd</u>, 21 F.3d 1228 (2d Cir. 1994), and from Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-6 & 5-7 (1998).

**Request No. 28**

**Stipulations Of Testimony**

**[If Applicable]**

A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect and weight to be given that testimony.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions, Criminal</u>, Instr. 5-7 (1996).

49

**Request No. 29**

**Uncalled Witness -- Equally Available to Both Sides**

**[If Requested and Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

50

**Request No. 30**

**Variance in Dates**

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date or that the conspiracy started and/or ended on or about a certain date and the testimony indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony. The same goes for most of the other factual contentions in the Indictment.

> Adapted from the charges of Judge Weinfeld in <u>United States</u> v. <u>Della Rocca</u>, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in <u>United States</u> v. <u>Koss</u>, <u>aff'd</u>, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in <u>United States</u> v. <u>Lofland</u>, 75 Cr. 769 (S.D.N.Y. 1975).

**Request No. 31**

**Preparation of Witnesses**

**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

52

**Request No. 32**

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

53

**Request No. 33**

**Use of Evidence Obtained at Time of Arrest**

**[If Applicable]**

You have heard testimony that the police apprehended the defendant, and that the police seized evidence at that time.  The evidence allegedly obtained at this time was properly admitted in this case and may properly be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Hon. Pierre N. Leval in <u>United States</u> v. <u>Ogando</u>, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), <u>aff'd</u>, 968 F.2d 146 (2d Cir. 1992) and in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## Request No. 34

## Consciousness of Guilt From Flight

You have heard evidence that the defendant knew that there was a warrant for his arrest in relation to a robbery or robberies, knew that law enforcement was actively searching for him in connection with that warrant, and that he evaded capture, or fled, from law enforcement.  If proved, a defendant's decision to flee from law enforcement after he knows he could be or has been accused of a crime may tend to prove that the defendant believed that he was guilty.  It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight may not be used by you as a substitute for proof of guilt.  It does not create a presumption of guilt.

Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

> Adapted from Sand et al., Modern Federal
> Jury Instructions, Instr. 6-9. Cf. United States
> v. Amuso, 21 F.3d 1251, 1259 (2d Cir. 1994)
> (when there is an adequate factual predicate
> that a defendant fled because of a guilty
> conscience, his flight is probative of

55

whether the defendant believed that he was
guilty).

**Request No. 35**

**Consciousness of Guilt – False Exculpatory Statement**

**[If Applicable]**

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which he exonerated or exculpated himself were false.

If you find that the defendant gave a false statement in order to divert attention from himself, you may, but you're not required to, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime with which he's charged.

Whether or not the evidence as to a defendant's statements shows the defendant believed he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

        Adapted from the charge of Hon. Loretta A.
        Preska in United States v. Ronald Davidson,
        97 Cr. 490 (LAP) (S.D.N.Y. 1998).

**Request No. 36**

**Persons Not on Trial or Not Indicted**

You may not draw any inference, favorable or unfavorable, towards the United States or the defendant from the fact that any person other than the defendant is not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, towards the United States or the defendant from the fact that certain persons were not named as defendants in the Indictment. The circumstances that these persons were not indicted must play no part in your deliberations. Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore you may not consider it in any way in reaching your verdict as to the defendants on trial.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

> Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), And from Sand et al., Modern Federal Jury Instructions, Instr. 3-4.

58

REQUEST NO. 37

Similar Acts

[If Applicable]

The Government has offered evidence tending to show that in instances other than those detailed in the Indictment, the defendant engaged in conduct similar to the charges in the Indictment.

Let me remind you that the defendant is not on trial for committing acts not part of the charges alleged in the Indictment. Accordingly, you may not consider evidence of the similar act(s) as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts has been admitted for much more limited purposes and you may consider it only for those limited purposes.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason. If you find that the defendant engaged in the other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the

Indictment, then you may, but you need not, infer that the acts charged in the Indictment and the other conduct were part of a common plan or scheme committed by the defendant.  You may also consider the similar acts, if you find the defendant committed them, if you find they bear on the defendant's motive for committing the charged acts.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other act(s), he must also have committed the acts charged in the Indictment.

Adapted from Sand <u>et</u> <u>al</u>., <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 5-25, 5-26.

**Request No. 38**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the sole charge of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the

61

truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). <u>See also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:    New York, New York
          June 25, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                    of America


          By:    _____/s/_____
                 BENJAMIN A. NAFTALIS
                 REBECCA M. RICIGLIANO
                 Assistant United States Attorneys
                 (212) 637-2456/2486

## **AFFIRMATION OF SERVICE**

Rebecca M. Ricigliano, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on June 25, 2008, I caused one copy of the within Government's Requests to Charge to be delivered by Federal Express to:

        Martin Geduldig, Esq.
        600 Old Country Road, Suite 320
        Garden City, New York 11530

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:    New York, New York
          June 25, 2008


                    _____/s/_____
                    Rebecca M. Ricigliano

63