```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
UNITED STATES OF AMERICA               :
                                       :
           -v-                         :         08 CR 62(JSR)
                                       :
ZACHARY BALLARD,                       :         OPINION AND ORDER
                                       :
           Defendant.                  :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

      The distorting effects of mandatory minimum sentences are never more evident than in the case of defendant Zachary Ballard. Although his co-defendant, Anthony Steele, by entering into a plea bargain excluding mandatory minimums, obtained a sentence of 168 months in prison, Ballard, by exercising his constitutional right to go to trial, faced mandatory minimums upon conviction that required this Court, on February 8, 2009 to sentence him to a term of imprisonment of 601 months, <u>i.e.</u>, just over 50 years. The Government, moreover, believing that the law requires the Court to sentence Ballard to approximately 167 months more - - <u>i.e.</u>, to approximately 64 years in prison - - now moves, pursuant to Fed. R. Crim. P. 35(a), to correct defendant's sentence for "clear error."

      Given that the law so favors consecutive mandatory minimums, the motion is not frivolous; but in the end, the Court denies the motion.

      By way of background, on July 22, 2008, a jury found Ballard guilty of all seven counts relating to a series of armed robberies that he and Steele executed pursuant to their conspiratorial plan. Specifically, Count 1 charged Ballard with participating in a

conspiracy to commit robberies from October through November 2007, in violation of 18 U.S.C. § 1951; Counts 2, 4, and 6 charged Ballard with committing those specific robberies in violation of 18 U.S.C. §§ 1951 and 2; and Counts 3, 5, and 7 charged Ballard with using, carrying, possessing, and brandishing a firearm during and in relation to each of those robberies, in violation of 18 U.S.C. § 924(c).

Under the Sentencing Guidelines (which are not binding on this Court but which the Court must consider), Counts 1, 2, 4, and 6 (the "non-gun counts") carry a Guidelines range of 84 to 105 months in prison (approximately seven to nine years), with no mandatory minimum sentence. By contrast, Counts 3, 5, and 7 (the "gun counts") carry the mandatory minimum sentences set forth in 18 U.S.C. § 924(c), i.e., a mandatory consecutive term of 84 months (7 years) on Count 3, a mandatory consecutive term of 300 months (25 years) on Count 5, and a mandatory consecutive term of 300 months (25 years) on Count 7. The Government's position is that the Court should impose on the non-gun counts a sentence at least at the bottom of the Guidelines range (i.e. 7 years), plus consecutive sentences on each of the gun counts (i.e. 7 years plus 25 years plus another 25 years), for a total of 64 years in prison.

On December 3, 2008, defendant initially appeared for sentencing. At that time, the Court expressed reservations about imposing a 64-year sentence for a string of robberies that, although by any account serious and deserving of a significant sentence, did

2

not result in any bodily injury or death.  See 12/3/08 Transcript. Accordingly, the Court adjourned sentencing to a later date, and asked the parties to submit supplemental briefing on whether or not the Court was required to "stack" the mandatory minimum sentences set forth in section 924(c).

At the December 3 hearing, the Court also expressed its belief that a sentence of "somewhere between 25 and 35 years, a very substantial sentence under any conceivable analysis," would be more than sufficient to achieve the overall Congressional purposes of sentencing as set forth in 18 U.S.C. § 3553(a).  Id. at 13.  The Government apparently agreed that 64 years was unnecessary, because it proceeded, commendably, to offer defendant a "sentence bargain," stipulating that, if the defendant waived any sentence appeal, the Government would not object to a sentence of 32 years (384 months) on Counts 3, 5, and 7, thus demonstrating, at least implicitly, the Government's belief that a sentence of 39 years (i.e. 32 years on the gun counts and a likely 7 years or so on the non-gun counts) would be sufficient, but not greater than necessary, to fulfill all relevant sentencing purposes.  See 18 U.S.C. § 3553(a).  Over his counsel's recommendation, however, the defendant, once again asserting his full panoply of rights, rejected the sentence bargain, and, accordingly, the Court reconvened defendant's sentencing on February 18, 2009.

At defendant's resumed sentencing, argument focused primarily on the proper construction of 18 U.S.C. § 924(c)(1)(A)'s "except

clause." That subsection provides, in relevant part:

> <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection</u>, or by any other provision of law, any person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .
>
> (i)   be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Subsection 924(c)(1)(C) of that same subsection then goes on to prescribe a greater mandatory minimum sentence of 25 years if the conviction represented the defendant's second or subsequent violation of the subsection. 18 U.S.C. § 924(c)(1)(C). Finally, subsection 924(c)(1)(D)(ii) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

The Government argued that, taken together, these provisions mandated a seven-year mandatory minimum sentence under section 924(c)(1)(A)(ii), to be followed by two consecutive 25-year sentences under section 924(c)(1)(C), for a total of 57 years on the gun

counts, consecutive to whatever sentence the Court imposed on the non-gun counts (which, the Government argued, should be at least 7 years).  In United States v. Whitley, however, the Second Circuit held that subsection 924(c)(1)(A)'s "except clause" prohibited the district court from imposing a 10-year minimum consecutive sentence for the use and discharge of a firearm, because the defendant was convicted in the same case of violating another provision of law that provided a greater minimum sentence, i.e., being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), which carried a 15 year mandatory minimum sentence.  529 F.3d 150, 151 (2d Cir. 2008).  In so holding, the court made clear that the "except clause"

> means what it literally says, the ten-year minimum sentence required by subdivision (iii) of that subsection for discharge of a firearm, which must run consecutively by virtue of subsection 924(c)(1)(D)(ii), does not apply to [defendant] because, in the words of that clause, "a greater minimum sentence is otherwise provided by . . . any other provision of law," namely, subsection 924(e), which subjects him to a fifteen-year minimum sentence.

Id. at 153.

At defendant's sentencing, the Court rejected the Government's attempt to cabin Whitley's holding to cases involving defendants who are exposed to two mandatory minimum sentences for the same use of the same firearm, or, at least, for the same underlying transactions.  Although Whitley was limited by its facts to such a case, the language of 924(c)(1)(A) itself is categorical and does not draw any distinction between the minimum sentences provided for other firearms-related conduct and the minimum sentences provided for

second or subsequent convictions under 924(c)(1). Indeed, subsection 924(c)(1)(A) makes clear that the "except clause" applies whenever a greater minimum sentence is otherwise provided by that subsection <u>or</u> "<u>by any other provision of law</u>." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Accordingly, the Court determined that the seven-year mandatory minimum sentence required by subsection 924(c)(1)(A) did not apply to defendant, because a greater minimum sentence of 25 years was required under subsection 924(c)(1)(C).

The Court nevertheless concluded that it was required to impose two consecutive 25-year minimum sentences on defendant, because on its face subsection 924(c)(1)(A) only exempts a defendant from the application of the 5, 7, or 10 year mandatory minimums set forth in that subsection and does not speak to the question of consecutive sentences under subsection 924(c)(1)(C). In other words, the statute does not prohibit the stacking of consecutive mandatory minimum sentences pursuant to the latter subsection, and nothing in <u>Whitley</u> indicates that the statute can be read to forbid the imposition of a second consecutive 25-year minimum sentence for a separate conviction.[1]

As to the non-gun counts, which, as noted, carry no mandatory

---

[1] As the Court indicated at defendant's resumed sentencing hearing, the Second Circuit, in <u>United States v. Williams</u>, 07-2436-cr, is currently considering the extent to which <u>Whitley</u> can be read to prohibit the imposition of a minimum sentence under subsection 924(c)(1)(A) where a predicate drug trafficking crime provides a greater minimum sentence. Although not directly on point with the issue presented in the instant case, the eventual outcome in <u>Williams</u> may shed some light on how broadly <u>Whitley</u> may be interpreted.

minimum sentence, the Court then imposed a one-month sentence, noting that the 50-year mandatory minimum sentence facing defendant for the three firearms counts served every conceivable purpose set forth in 18 U.S.C. § 3553(a), so that there was no justification for imposing a total sentence in any material amount above the 50-year mandatory minimum.[2]  Since this was a position seemingly at odds with the tentative views the Court had expressed at the initial sentencing hearing, the Government promptly objected; but after hearing full argument, the Court was unpersuaded.  Accordingly, the Court sentenced defendant to a total prison term of 601 months.

The Government then timely filed, in the form of a letter, the instant motion to "correct" defendant's sentence, arguing that the Court overlooked the recent Second Circuit decision in United States v. Chavez, 549 F.3d 119 (2d Cir. 2008).  In that case, defense counsel had urged the district court to follow the line of reasoning utilized by the Court here, but the district court, though cognizant of the "effective[] life sentence" that would otherwise result, had concluded that it was precluded from so doing.  Id. at 132.  The Second Circuit agreed, holding that a court is not "authorized to impose a shorter term for [one count] in light of the severe

---

[2] The Court noted, however, that if the Second Circuit agreed with defendant's view that, because only a single conspiracy was involved, the total consecutive sentence for all three gun counts grouped together should be 25 years total, then the Court, on remand, would consider whether a longer sentence on the non-gun counts was warranted, consistent with its overall view that the total sentence necessary to carry out the directives of § 3553(a) was about 32 years.  See 2/18/09 Transcript at 19.

consecutive prison term it was required to impose on [another count]." Id. at 133. With respect to convictions pursuant to section 924(c), the court concluded that

> a sentencing court is required to determine the appropriate prison term for the count to which the § 924(c) punishment is to be consecutive; and if the court reduces the prison term imposed for that underlying count on the ground that the total sentence is, in the court's view, too severe, the court conflates the two punishments and thwarts the will of Congress that the punishment imposed for violating § 924(c) be "addition[al]" and "no[t] . . .concurrent[]."

Id. at 135 (alterations in original).

As to the language of section 3553(a) mandating that the total sentence be no more than necessary to fulfill the purposes of sentencing there set forth, the Court noted that section 924(c)(1)(D) in effect trumps section 3553(a) by stating that its penalties are to be consecutive "[n]otwithstanding any other provisions of law." Id.

The Court in Chavez, however, did not have to deal with the issue of multiple consecutive mandatory sentences because only a single gun count was involved. The Court in Chavez, therefore, had no occasion to consider whether, as exemplified by the "except clause," Congress's intent is more nuanced when multiple consecutive sentences are involved. See Whitley, 529 F.3d at 155. However, whether this is an adequate basis to distinguish Chavez is problematic. But the Court need not reach that issue here because it concludes that Rule 35(a) is not an appropriate vehicle for correcting alleged errors of law that were fully argued at the sentencing itself. See United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997). Here, although the Government failed to cite Chavez

8

as the time of sentencing, it forcefully argued the reasoning of Chavez and this Court rejected its applicability.

If the Government, in the exercise of its discretion, believes that vindication of its view of the law requires it to appeal the 50-year sentence imposed in this case so that even more time can be imposed on a defendant who clearly faces a near-life sentence, so be it. This Court, in the exercise of its discretion under Rule 35(a), declines to be a party to such an unconscionable result. When the letter of the law so far departs from justice as to become the instrument of brutality, common sense should call a halt.

The Government's motion under Rule 35(a) is hereby denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         March 2, 2009