UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ United States                   │
│                                 │
│    -v-                          │
│                                 │
│ Zachary Ballard,                │
│                                 │
│         Defendant.              │
└─────────────────────────────────┘
```

08-cr-62-002 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On December 30, 2025, the Court issued an Order denying defendant Zachary Ballard's motion for various forms of relief. See ECF No. 97. The Court is now in receipt of a letter from Ballard, which it construes as a motion for reconsideration of its December 30, 2025, Order and for appointment of counsel. See Def. Letter, ECF No. 98.

Ballard's motion does not identify any error in the Court's December 30, 2025, Order warranting reconsideration. Ballard contends that the Court was wrong to treat his motion as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because he did not intend to seek relief under that provision. He contends that he instead sought to alert the Court to two legal changes from which he stood to benefit, and to seek assignment to home confinement for the remainder of his prison term. See Def. Letter at 3-4. However, even if the Court were wrong to construe Ballard's motion, favorably to him, as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), this would not be a basis for reconsidering the merits of that motion.

First, as the Court noted in its December 30, 2025, Order, and as the Government argued in its opposition, the two changes in law to

1

which Ballard points do not apply to him and therefore do not independently entitle him to relief. See ECF No. 97 at 2. Ballard's motion for reconsideration does not dispute the basis for this conclusion.

Second, apart from reducing a defendant's sentence under 18 U.S.C. § 3582(c), the Court lacks authority to modify a defendant's term of imprisonment. See 18 U.S.C. § 3582(c) (a "court may not modify a term of imprisonment once it has been imposed" except under the circumstances identified in this provision). Therefore, it is of no help to Ballard to disclaim reliance on § 3582(c)(1)(A). Ballard does not identify any other provision of law that would entitle the Court to grant him the relief that he seeks based on the arguments made in his original motion. To the extent Ballard seeks reconsideration of the Court's December 30, 2025, Order, his request is therefore denied.

In his letter, Ballard also indicates that he now wishes to file a motion for a sentence reduction and seeks appointment of counsel to assist with that filing. Although the Court previously exercised its discretion to appoint counsel in connection with Ballard's prior sentence reduction motion, the Court declines to do so a second time. Accordingly, the request for appointment of counsel is denied.

The Clerk of Court is respectfully directed to close the motion at ECF No. 98 and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
February 2, 2026

JED S. RAKOFF, U.S.D.J.