UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| United States<br><br>-v-<br><br>Zachary Ballard,<br><br>Defendant. |

08-cr-62-002 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

The Court is in receipt of a motion from defendant Zachary Ballard, styled as a petition pursuant to Federal Rule of Civil Procedure 60(d)(3), asking the Court to vacate his conviction for Hobbs Act Robbery because of "fraud upon the court."[1] Ballard argues that his trial attorney, together with the Government, "fabricated" a stipulation introduced into evidence at trial. The document in question stipulated that the stores that were the subject of the charged robberies sold goods in interstate commerce. Ballard contends that he never signed the stipulation nor authorized his attorney to do so and that its introduction into evidence therefore amounted to "fraud upon the court" because it wrongfully relieved the Government of having to prove an essential element of the crime for which he was convicted.

Even assuming that Rule 60(d)(3) is a procedural vehicle available to Ballard,[2] what Ballard complains of does not amount to "fraud upon

---

[1] The Court dockets Ballard's motion along with this Order.

[2] As other courts in this District have recognized, the Second Circuit has not expressly addressed whether Rule 60(d)(3), which, unlike Rule 60(b), preserves the court's inherent power to "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3), is

the court." Relief under Rule 60(d)(3) is highly circumscribed and is "limited to fraud which seriously affects the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988); see also Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (Rule 60(d)(3) protects against "only that species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases"). For example, "conduct that meet[s] the definition of fraud upon the court include[s] bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing a judge." Lutin Invs., Ltd. v. Nigerian Nat'l Petroleum Corp., No. 12-CV-5191 (SAS), 2016 WL 899319, at *4 (S.D.N.Y. Mar. 2, 2016).

Ballard's allegation that his attorney entered into a stipulation without his authorization does not meet this very high standard. As other courts in this Circuit have emphasized, the "strategic decision to enter into a stipulation is one that defense counsel may make on

---

available to a defendant seeking to set aside a criminal conviction, see, e.g., United States v. Torres, 06 Cr. 987-07, 12 Civ. 6161, 13 Civ. 7885, 2015 WL 13034656, at *1 (S.D.N.Y. Aug. 24, 2015); United States v. Perez, No. 11 Cr. 755, 2019 WL 2343654, at *1 (S.D.N.Y. June 3, 2019); Salazar-Espinoza v. United States, No. 11 Civ. 0247, 2012 WL 1788145, at *1 (S.D.N.Y. May 15, 2012); see also Harris v. United States, 367 F.3d 74 (2d Cir. 2004) (relief under Rule 60(b) is not available to attack the integrity of an underlying criminal conviction, only to attack the integrity of a prior habeas proceeding). "In light of this ambiguity," and because the merits are clear, the Court "address[es] the merits" of the motion instead. Torres, 2015 WL 13034656, at *1 n.1.

[a] defendant's behalf." Salcedo v. United States, No. 98 CIV 7638 (DLC), 1999 WL 335835, at *3 (S.D.N.Y. May 25, 1999) (citing Brown v. Artuz, 124 F.3d 73, 77 (2d Cir. 1997)). Indeed, such decisions by counsel are "virtually unchallengeable" because they are the sort of decisions pertaining to "trial strategy and tactics" over which defense counsel generally exercise significant discretion. United States v. Marley, No. 21-CV-4725 (VEC), 16-CR-374 (VEC), 2022 WL 121044, at *7 (S.D.N.Y. Apr. 25, 2022) (quoting United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005)); see also, e.g., United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004). For that reason, courts generally reject challenges to defense counsel's performance based on the decision to stipulate to certain evidence, even if the decision was "made without prior consultation with the defendant." Salcedo, 1999 WL 335835, at *3; see also, e.g., Knight v. Walsh, 524 F. Supp. 2d 255, 295 (W.D.N.Y. 2007); Horan v. Conway, No. 9:03-CV-0486, 2007 WL 1087492, at *10 (N.D.N.Y. Apr. 9, 2007); Goicochea-Melchor v. United States, No. 99 CIV. 729, 1999 WL 804146, at *5 (S.D.N.Y. Oct. 7, 1999); Taylor v. Rivera, No. 07 Civ. 8668, 2011 WL 4471919, at *23 (S.D.N.Y. 2011).

Accordingly, even if one assumes that Ballard's counsel agreed to the challenged stipulation without first consulting him, its introduction into evidence does not amount to fraud. To be sure, defense counsel would generally do well to consult their clients on matters related to the client's case. However, given that defense counsel have the authority to enter into stipulations on their clients'

behalf, without more, the failure to consult a client first cannot meet the very high standard to constitute "fraud upon the court."[3]

For this reason, Ballard's motion is denied. The Clerk of Court is respectfully directed to close the motion docketed along with this Order and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
August 21, 2026

JED S. RAKOFF, U.S.D.J.

[3] Ballard, moreover, was present in Court when his attorney entered into the challenged stipulation and did not object or raise any concerns then or at any other time during or after trial. Because "relief for fraud on the court is available only where the fraud was not known at the time of . . . entry of judgment," this, too, undercuts Ballard's claim. Gladding v. United States, No. 05-CR-6166-CJS, 2023 WL 6463086, at *4 (W.D.N.Y. Oct. 4, 2023) (quoting Mills v. Noonan, No. 1:16-cv-00984-MAT, No. 1:11-cv-00440-MAT, No. 1:06-cv-00842-MAT, 2019 WL 2361483, at *2 (W.D.N.Y. June 4, 2019)); see also Gantt v. Artuz, No. 97 CIV. 3032 (SAS), 1999 WL 1206733, at *3 n.2 (S.D.N.Y. Dec. 16, 1999) ("[W]hen a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney." (quoting United States v. Ferreboueuf, 632 F.2d 832, 836 (9th Cir. 1980))).